## 26806.   BROOKS v. LESTER.

ALMAND, Chief Justice. This appeal is from an order granting the writ of habeas corpus.

Robert Lester in his petition for the writ of habeas corpus alleged that he was being illegally detained by Ernest Brooks, Warden of Clarke County Public Works. He alleged that he was being detained by virtue of a sentence of 67 years on pleas of guilty for three counts of burglary and the larceny of an automobile, imposed by the Superior Court of Clarke County on January 19, 1966. He alleged that at the time he pled guilty he did not understand the nature of the charges against him and the consequences of his plea.

The exhibits to the petition show that he pled guilty upon accusations and that his counsel waived indictment by the grand jury.

After a hearing, the court found that (a) at the time Lester pled guilty he was represented by competent counsel employed by his family, (b) Lester was not quick of mind nor highly educated and was incapable of comprehending

fully the options available to him at the time he entered the pleas, and (c) at the time he entered the pleas of guilty, Lester did not understand he had a right under the Constitution and Laws of this State to require indictment by a grand jury, and he did not intelligently waive that right, or understand the full limits of the penalties which could be imposed upon him on account of his pleas of guilty.

The court adjudged the sentence to be null and void and that Lester be discharged from liability for the offenses charged in the accusation unless he be indicted by the grand jury of Clarke County at the July term 1971.

The appellant asserts that the finding by the court that Lester was unaware of his right to a grand jury indictment and that he did not knowingly and intelligently waive this right, was wholly without evidentiary support.

The evidence discloses that Lester, at the time he entered the pleas of guilty, was 19 years old and had an 8th grade education. In answer to the question, "Did anybody explain to you that you had a right to an indictment by the grand jury of Clarke County?" Lester's answer was: "They (Mr. Chappelle Matthews, his counsel) told me it would be best for me to plead guilty." Mr. Matthews, who entered the pleas for Lester, testified on the hearing. His testimony is silent as to whether he told Lester about his right to an indictment, or the effect of a waiver of this right. He testified that Lester was "not the smartest fellow I know and I explained it to him, but I do not say whether he understood it or not. I know he is a little slow mentally."

The record shows that Judge Barrow, who presided at the habeas corpus hearing, was also the judge who entered the sentence in 1966.

In Bartlett v. United States, 354 F2d 745 (8th Cir.) cert. den. 384 U. S. 945, it was held that the court in considering whether a defendant has understandingly and intelligently waived his right to an indictment by a grand jury, must be satisfied that the waiver was knowingly,

voluntarily and understandingly, made and that whether or not the court will act in this area is a matter addressed to the sound discretion of the court.

It is not shown in this case that the court abused its discretion in granting the writ.

*Judgment affirmed. All the Justices concur.*

Submitted October 12, 1971—Decided November 5, 1971.

*John T. Strauss,* for appellant.